[Crim. No. 27398. Second Dist., Div. Four. Feb. 17, 1976.]

In re LEON WILLIAM SHORT on Habeas Corpus.

**Counsel**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and Carol Wendelin Pollack, Deputy Attorneys General, for Appellant.

John P. Walsh, under appointment by the Court of Appeal, for Respondent.

**Opinion**

KINGSLEY, J.—Petitioner, a prisoner at California Mens Colony, sought, by a petition for a writ of habeas corpus, to attack the validity of a regulation relating to mail privileges of prisoners, adopted by the Director of the Department of Corrections.[1] The regulation attacked provides as follows:

---

[1] It is not contended that the director lacked power to adopt and enforce regulations dealing with the subject of prisoner mail. (See §§ 2046.3, 5058 and 6025.5 of the Pen. Code.)

"DP-2405. Correspondence Between Inmates And Courts: Sealed correspondence from an inmate to a court will not be opened or censored. Correspondence to a court will not be prevented from leaving an institution for any reason. Correspondence in a court envelope to an inmate will be opened only by a designated employee. The correspondence will not be read except to the extent necessary to determine that the contents are in fact from the court. The institution head will maintain a listing of such designated employees."

It is admitted that an envelope, addressed to petitioner, bearing the return address of the County Clerk of San Luis Obispo County, had been opened by a prison official, acting under that regulation,[2] in the absence of petitioner. It is the contention of petitioner that he had a constitutional and statutory right to be present when an envelope addressed to him, bearing the return address of a court, was opened. To secure recognition of that right, he petitioned the trial court for a writ of habeas; the petition was granted, the court including in its order the language of an amended regulation which the director was ordered to adopt. The Department of Corrections has appealed. We modify the order and affirm it as modified.[3]

It is urged that we reverse the order on two grounds: (1) That the present regulation is constitutionally valid; and (2) That, in any event, the trial court should merely have directed that the regulation be amended to provide for the presence of the inmate, instead of actually dictating the exact language of the amendment.

I

The Constitution of the State of California grants "to all persons" an inalienable right to privacy. (Cal. Const., art. I, § 1.) That constitutional provision is, to some extent, limited by the provision in section 2600 of the Penal Code, which provides:

"This section shall be construed so as not to deprive such person of the following civil rights, in accordance with the laws of this state:

---

[2] It is not contended that the official was not a person designated for that purpose by the Superintendent of California Mens Colony.

[3] We note that the order directs that "the Director's" regulation be amended. The appeal is by counsel for "the Department of Corrections." The parties have not objected to the form of the notice; since the Attorney General is the attorney for the department, director and the superintendent, we ignore the difference in designation.

"     .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(2) To correspond, confidentially, with any member of the State Bar, or holder of public office, provided that the prison authorities may open and inspect such mail to search for contraband."

In *Procunier* v. *Martinez* (1974) 416 U.S. 396 [40 L.Ed.2d 224, 94 S.Ct. 1800], the United States Supreme Court recognized that prisoners, and their noninmate correspondents, have a constitutional right to send and receive letters free of censorship but that that right was limited by the practical necessities of prisoner administration. The extent of that permissible obstruction of First Amendment rights was expressed thus: "Applying the teachings of our prior decisions to the instant context, we hold that censorship of prisoner mail is justified if the following criteria are met. First, the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression. Prison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements. Rather, they must show that a regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order, and rehabilitation. Second, the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." (416 U.S. at p. 413 [40 L.Ed.2d at p. 240].)

In *Wolff* v. *McDonnell* (1974) 418 U.S. 539 [41 L.Ed.2d 935, 94 S.Ct. 2963], that court held that mail addressed to an inmate from an attorney might be opened, but not read, to assure that the letter did not contain contraband, but only if it were opened in the presence of the inmate.

Except for broad language declaring that prison inmates have at least a limited constitutional right to the privacy of their mail, neither case is directly in point here. (*Procunier* dealt with prisoners' mail in general —i.e., as involving correspondence outside our present subdivision (2) of section 2600; *Wolff* dealt with correspondence from an attorney, a right which rests not only on a right of privacy but on a long recognized attorney-client privilege.) In California, the right to unrestricted communication between inmates and attorneys has been recognized, subject only to a check to see that mail does not contain any physical contraband, and it could not be read to ascertain the presence of mere "verbal contraband." (*In re Jordan* (1972) 7 Cal.3d 930 [103 Cal.Rptr.

849, 500 P.2d 873]; *In re Jordan* (1974) 12 Cal.3d 575 [116 Cal.Rptr. 371, 526 P.2d 523].)

Clearly, the case before us lies between *Procunier,* dealing with correspondence not within subdivision (2), and *Wolff,* dealing, as we have said, with the attorney-client privilege. However, subdivision (2) deals not only with attorneys but with "any public official," and the director's present regulation recognizes a right of privacy in correspondence with a court.[4] Petitioner here seeks only a provision in a regulation that will insure that the director's regulation is obeyed by his subordinates. As the Supreme Court said in *Wolff* (at p. 577 [41 L.Ed.2d at p. 963]): "As to the ability to open the mail in the presence of inmates, this could in no way constitute censorship, since the mail would not be read. Neither could it chill such communications, since the inmate's presence insures that prison officials will not read the mail."

We conclude that the position of the petitioner is well taken and that both an inmate and the director will gain from a requirement that, so far as possible, will assure that the right recognized by statute and regulation is observed. On the merits, the decision of the trial court was correct.

## II

Ordinarily, a court will not attempt to dictate the actual language of a regulation intended to effectuate its decision. While, in the case at bench, an order to amend the director's regulation so as to provide for the presence of an inmate when mail addressed to him in an official envelope of a court probably could result only in the very amendment that the trial court has here ordered be made, we conclude that the director should not, in this case or in the case of any future revision of his regulations, be tied to some exact judicially imposed terminology. Accordingly, we modify the order so that it states the objective directed by the trial court without attempting to dictate exact terminology.

The order appealed from is modified in pertinent part to read as follows: "(1) Director's Policy 2405 shall be amended so as to provide that correspondence from a court or judicial officer shall be opened by a

---

[4]At oral argument, the deputy attorney general suggested a distinction between correspondence between an inmate and a "court" and that between an inmate and a "judge." We reject that suggestion. We regard the statute and the regulation as directed to any communication between an inmate and the judicial process, without regard to the nomenclature used.

designated employee only in the presence of the inmate to whom it is addressed. Otherwise no amendment of that policy is hereby directed."

As so modified, the order appealed from is affirmed.

Jefferson (Bernard), J., concurred.

**FILES, P. J.,** dissenting in part:

First: I agree that it is not the business of the superior court to redraft a defective prison regulation.

Second: I do not believe the present regulation violates the Constitution. The strict policy applied to letters from attorneys and public officials need not be applied to mail in court envelopes. Communications from a court to a litigant are neither private nor confidential. A counterpart will be in the court's file as a public record. It was not unreasonable for the director to conclude that communications will be received by inmates more promptly, efficiently and economically if the incoming mail can be inspected and passed on to the addressees without having to arrange a face-to-face meeting between the inmate addressee and a designated official for each incoming court envelope.