39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory PATTERSON, Plaintiff-Appellant,
v.
G.H. BALDWIN; Frank Hall; M. Tangney; P. Anderson; D.R.
Irwin, Defendants-Appellees.
 No. 94-35018.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Patterson, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. Sec. 1983 action. Patterson contends that prison officials (1) violated his right to equal protection when they placed him in administrative segregation, (2) illegally denied him outdoor exercise during the time he was in segregation, (3) illegally opened his mail outside of his presence, and (4) lost his legal mail. Patterson also contends the district court erred by denying his motion to strike the defendants' summary judgment motion. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); List, 880 F.2d at 1045. The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 II
 Merits
 A. Administrative Segregation
 
 5
 Patterson contends that prison officials discriminated against him on account of his race when they placed him in administrative segregation. This contention lacks merit.
 
 
 6
 The treatment of inmates is governed by the Equal Protection Clause of the Fourteenth amendment. See Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam). Nevertheless, " '[p]rison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' " Whitley v. Albers, 475 U.S. 312, 321-22 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)). Thus, an inmate may be segregated from the general prison population when prison officials reasonably believe he threatens the security of the prison. See Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). "[S]ome evidence" in the record is enough to support the prison official's decision to segregate an inmate. Id. at 1104.
 
 
 7
 Here, defendants submitted the affidavit of Housing Unit Officer Tangney which states that on June 7, 1993, she observed Patterson shadow-boxing with another inmate. Because this constituted a minor rule violation, Tangney ordered Patterson to remain in his cell for up to eight hours as a corrective action. Tangney states that she was unable to identify the other inmate with whom Patterson was shadow-boxing, and therefore was unable to discipline the other inmate at the same time she disciplined Patterson.
 
 
 8
 Approximately ten or fifteen minutes later, Patterson called Tangney to the walk-way outside his cell and began yelling at her in an abusive and threatening manner. Tangney repeatedly ordered Patterson to stop yelling at her, which he did but only after Tangney's fourth order. Patterson then returned to his cell and slammed the door. This conduct occurred in front of approximately 30 other inmates. The record indicates that as a result of Patterson's behavior toward Tangney, prison officials placed Patterson in administrative segregation for six days.
 
 
 9
 Patterson contends that defendants violated his equal protection rights by placing him in segregation for shadow-boxing because they did not place the white inmate with whom Patterson was shadow boxing into segregation as well. The evidence submitted by the defendants, however, indicates that Patterson was placed in administrative segregation because of his behavior towards Tangney rather than because he had shadow-boxed with another inmate. Patterson does not dispute Tangney's assertion that he yelled at her in an abusive and threatening manner in front of 30 other inmates. The district court did not err by granting summary judgment for the defendants on Patterson's equal protection claim. See id.
 
 B. Physical Exercise
 
 10
 Patterson contends that prison officials violated his Eighth Amendment rights by not allowing him outdoor exercise while he was in segregation. This contention lacks merit.
 
 
 11
 Here, Patterson's deprivation of outdoor physical exercise for approximately 13 days does not rise to the level of a constitutional deprivation. See LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir.1994); Spain v. Procunier, 600 F.2d 189, 200 (9th Cir.1979). Moreover, Patterson fails to allege that prison officials acted with a "wanton" state of mind in denying him outdoor exercise during that time. See LeMaire, 12 F.3d at 1458 (citing Wilson v. Seiter, 501 U.S. 294 (1991)). Accordingly, the district court properly entered summary judgment for defendants on this claim. See Taylor, 880 F.2d at 1044.
 
 C. Legal Mail
 
 12
 The defendants contend they are entitled to qualified immunity on the issue of whether they violated Patterson's constitutional rights by opening his legal mail outside of his presence. This contention has merit.
 
 
 13
 A government official who performs discretionary functions is entitled to qualified immunity "unless the official's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993). "A law is clearly established when 'the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Id. at 640 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).
 
 
 14
 The Supreme Court has held that prison officials may open mail which is clearly marked "legal mail" to inspect it for contraband, if the mail is opened in the presence of the inmate. Wolff v. McDonnell, 418 U.S. 539, 577 (1974).
 
 
 15
 Here, Patterson contends that even though his mail was not marked legal mail, the fact that the envelopes bore the official return address of the court and were marked "official business" allowed prison officials to distinguish it from non-legal mail. Thus, Patterson contends that because these letters were clearly marked as mail from a Court, prison officials could open them for inspection only in his presence.
 
 
 16
 First, Patterson cites no authority, and we know of none, which requires prison officials to distinguish legal mail from non-legal mail by the official return address on the envelope. Second, the relevant Oregon regulation applicable at the time defined "legal mail" as mail to or from an attorney, court or court official which is clearly worded "legal mail" on the addressee side of the envelope. OAR 291-131-010(13). Given these circumstances, Patterson has failed to show that the officials' conduct violated a clearly established statutory or constitutional right of which a reasonable official would have known. See Camarillo, 998 F.2d at 639. Accordingly, the defendants were entitled to qualified immunity on this claim.
 
 
 17
 Patterson also contends that defendants violated his right to access to the courts because they confiscated and destroyed one of his legal letters. See Bounds v. Smith, 430 U.S. 817, 822 (1977) Because, however, Patterson failed to allege that the defendants action resulted in actual injury, his access to the courts claim must fail. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (if inmate's claims do not involve the denial of access to adequate law libraries or legal assistance, inmate must allege an actual injury, or a specific instance in which the inmate was actually denied court access).
 
 D. Motion to Strike
 
 18
 Patterson contends that the district court erred by not granting his motion to strike the defendants summary judgment motion because the defendants failed to allege the defense of qualified immunity in their answer to his complaint. A review of the defendants answer, however, reveals that the defendants timely raised a qualified immunity defense.[1] Accordingly, the district court did not err by denying Patterson's motion to strike. See Taylor, 880 F.2d at 1044.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The answer states that defendants allege that at all times herein mentioned in plaintiff's complaint, they were acting in good faith and within their discretion pursuant to the laws and statutes of the State of Oregon and the United States, and defendants conduct violated no clearly established statutory or constitutional rights of which a reasonable person would have known