39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory PATTERSON, Plaintiff-Appellant,
v.
G.H. BALDWIN, Defendant-Appellee.
 No. 93-36191.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Patterson, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint for failure to state a claim. Patterson contends that the district court erred because he had sufficiently alleged constitutional violations arising out of the prison's practice of (1) restricting free postage to inmates for letters sent to legal counsel, and (2) inspecting the legal materials of indigent inmates before providing them with free photocopying. Patterson also contends the district court erred by (1) denying his motion to strike the defendants motion to dismiss because defendants had failed to answer his complaint, and (2) dismissing Patterson's supplemental complaint. We have jurisdiction pursuant to 28 U.S.C. Sec. 1292, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and is reviewed de novo. Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir.1988). A complaint should not be dismissed unless, accepting all of the plaintiff's allegations of material fact as true, it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Id. Before dismissing a complaint for failure to state a claim, the district court should notify the pro se plaintiff of the complaint's deficiencies and provide the plaintiff an opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 II
 Merits
 A. Stamps
 
 5
 Patterson contends that defendants denied him access to the courts because they failed to provide him free postage for letters sent to his attorney. Even if defendants had been required to provide Patterson with free postage under the circumstances, Patterson's claim fails because he has failed to allege an actual injury resulting from the defendants' practice. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (if inmate's claims do not involve the denial of access to adequate law libraries or legal assistance, inmate must allege an actual injury, or a specific instance in which the inmate was actually denied court access); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987) (while prisons must provide inmates free postage stamps to mail legal documents and other means of access to the courts, the "reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access"). Accordingly, the district court did not err by dismissing this claim. See Baker, 859 F.2d at 127.
 
 B. Photocopying
 
 6
 Patterson alleges that defendants violated his First Amendment and Equal Protection rights by examining his legal materials prior to providing him with free photocopying services. Because we hold that defendants were entitled to qualified immunity on this issue, Patterson's contention lacks merit.
 
 
 7
 A government official who performs discretionary functions is entitled to qualified immunity "unless the official's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993). "A law is 'clearly established when 'the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Id. at 640 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).
 
 
 8
 Here, Patterson cites no authority, and we know of none which prohibits prison officials from inspecting a prisoner's documents prior to providing free photocopying services. Accordingly, because Patterson failed to show that the defendants violated a clearly established statutory or constitutional right of which a reasonable person would have known, the district court did not err by dismissing Patterson's photocopying claim. See id.
 
 C. Failure to Answer
 
 9
 Patterson contends that the district court erred by denying his motion to strike because the defendants failed to file an answer prior to filing their motion to dismiss. Because, however, Fed.R.Civ.P. 12(b)(6) requires that a motion to dismiss for failure to state a claim be made before the service of a responsive pleading, Patterson's contention lacks merit. See Aetna Life Ins. Co. v. Alla Medical Servs, Inc. 855 F.2d 1470, 1474 (9th Cir.1988) (motion to dismiss under Rule 12(b) held untimely when filed after answer).[1]
 
 D. Supplemental Complaint
 
 10
 Patterson contends that the district court erred by denying his motion for leave to file a supplemental complaint. This contention lacks merit.
 
 
 11
 A denial of leave to amend is reviewed for an abuse of discretion. Klamath-Lake Pharmaceutical Ass'n. V. Klamath Medical Serv. Bureau, 701 F.2d 1276, 1292 (9th Cir.), cert. denied, 464 U.S. 822 (1983). "Unless we have a definite and firm conviction that the district court committed a clear error of judgment, we will not disturb the district court's decision." McGlinchy v. Shell Chemical Co., 845 F.2d 802, 809 (9th Cir.1988).
 
 
 12
 Here, Patterson attempted to submit his supplemental complaint after he already had been given an opportunity to file an amended complaint and after the defendants had filed their motion to dismiss. The supplemental complaint contained a new cause of action which had not been addressed in the defendants' dismissal motion. Given these circumstances, the district court did not abuse its discretion by denying Patterson an opportunity to file a supplemental complaint. See Klamath-Lake Pharmaceutical Ass'n. Bureau, 701 F.2d at 1292.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Accordingly, we also reject Patterson's contention that the district court erred by denying his motion for a default judgment based on the defendants' failure to file an answer