12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vincent MARQUEZ, Plaintiff-Appellee,
v.
D. MIRANDA; C. Wells, Correctional Officers, Defendants-Appellants.
 No. 93-15626.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 D. Miranda and C. Wells, correctional officers at San Quentin prison, appeal the district court's denial of their motion to dismiss Vincent Marquez's 42 U.S.C. Sec. 1983 civil rights action. The district court determined that Miranda and Wells were not entitled to qualified immunity. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1] We affirm.
 
 
 3
 The district court's denial of a qualified immunity defense is reviewed de novo. Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993); Act Up!/ Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993).
 
 
 4
 A government official who performs discretionary functions is entitled to qualified immunity "unless the official's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Camarillo, 998 F.2d at 639; see Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Act Up!/Portland, 988 F.2d at 871. A law is clearly established when " 'the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Camarillo, 998 F.2d at 640 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). "[T]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson, 483 U.S. at 640 (citations omitted).
 
 
 5
 The Supreme Court has held that prison officials may open mail which is clearly marked "legal mail" to inspect it for contraband, if the mail is opened in the presence of the inmate. Wolff v. McDonnell, 418 U.S. 539, 577 (1974). The Court reasoned that the inmate's presence when the mail was opened and inspected would insure that prison officials would not read the mail, and thus that censorship and confidentiality concerns would not be implicated. Id.; see also id. at 580 (Marshall, J., concurring) (opening legal mail in presence of inmate protects inmate's first amendment right not to have mail read by prison officials).
 
 
 6
 The California Supreme Court has held that the mail system approved by the Supreme Court in Wolff is essentially the same as that created by California statutory law, which prohibits the reading of inmate mail from attorneys but allows inspection of incoming mail for contraband. In re Jordan, 526 P.2d 523, 524 n. 2 (1974) (invalidating a prison rule that allowed prison authorities to read printed enclosures in confidential legal mail); Cal.Penal Code Sec. 2601(b). State regulations also prohibit the reading of an inmate's legal mail. Cal.Code Regs. tit. 15, Secs. 3141, 3144 (inmates may correspond confidentially with attorneys, state and federal judges and courts; confidential correspondence "means that the correspondence shall not be read by any employee" but may be inspected for contraband).
 
 
 7
 Here, Marquez alleged in his complaint that the defendants twice searched his cell. During these searches, the defendants carefully read the contents of envelopes marked "confidential legal mail," and took notes on these documents. Marquez alleged that the envelopes contained legal correspondence from attorneys, appellate briefs, and letters from the San Quentin Prison Law Offices and the Sixth District Appellate Project. These documents had already been opened by prison officials and inspected for contraband upon receipt. Marquez's complaint was based on the first, sixth, and fourteenth amendments.
 
 
 8
 The defendants contend that they are entitled to qualified immunity because the protections of the fourth amendment against illegal search and seizure do not apply to an inmate's cell. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). However, Marquez concedes that prison officials have the right to search his cell and the right to inspect his legal mail for contraband. His complaint is not based on the fourth amendment. Accordingly, this argument is unavailing.
 
 
 9
 The defendants further contend that they are entitled to qualified immunity because "the law governing review of unsealed documents labeled 'confidential/legal' during a routine cell search was not clearly established." However, the Supreme Court had clearly held that a mail system which insured that a prisoner's confidential legal mail would not be read by prison officials adequately protected the prisoner's constitutional rights. See Wolff, 418 U.S. at 577. California law purporting to coincide with this holding expressly indicates that a prisoner's legal mail may be inspected for contraband but may not be read by prison officials. See Jordan, 526 P.2d at 524-25; see also Cal.Penal Code Sec. 2601(b); Cal.Code Regs. tit. 15, Secs. 3141, 3144. Accordingly, we find that, although the particular acts that the defendants undertook in this case have not specifically been held to violate the Constitution, pre-existing law makes the unlawfulness of their actions apparent. See Anderson, 483 U.S. at 640.
 
 
 10
 The defendants argue that they are nonetheless entitled to qualified immunity because a reasonable official could have believed that reading Marquez's legal mail was not unlawful. See Act Up!/Portland, 988 F.2d at 871. We disagree. The defendants had no reason to believe that legal mail which may not be read by prison officials when it arrives at the prison, see Wolff, 418 U.S. at 577; Cal.Penal Code Sec. 2601(b); Cal.Code Regs. tit. 15, Secs. 3141, 3144, could then be routinely read during a cell search. Far from being reasonable, such an interpretation renders Wolff a nullity. Thus, we find that a reasonable official could not have understood existing law to allow them to carefully read a prisoner's clearly marked confidential legal mail during a routine cell search.[2] Accordingly, the district court properly denied the qualified immunity defense. See Camarillo, 998 F.2d at 639; Act Up!/ Portland, 988 F.2d at 871.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's denial of the defendants' motion to dismiss based on qualified immunity is a final, appealable order. See Pelletier v. Federal Home Loan Bank of San Francisco, 968 F.2d 865, 870 (9th Cir.1992) (district court's denial of qualified immunity defense on motion to dismiss or motion for summary judgment is immediately appealable). Accordingly, we have jurisdiction over this appeal
 
 
 [2]
 Marquez attached copies of letters from the San Quentin Prison Law Office to James Gomez, the Director of the California Department of Corrections, to his complaint. These letters indicate that Gomez was told of the cell searches at issue here. According to the letters, Gomez responded that correctional officers are "very much aware of an inmate's right to confidentiality" and that officers "know the difference between searching property and reading confidential documents." In light of these comments, the defendants' argument that they could not reasonably have known that they were prohibited from reading legal mail in the course of a cell search is particularly unavailing