17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mike HERNANDEZ, Plaintiff-Appellant,
v.
Eddie YLST, Warden, et al., Defendants-Appellees.
 No. 92-17105.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mike Hernandez, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendant prison officials in his 42 U.S.C. Sec. 1983 civil rights action. Hernandez contends that the defendants forcibly drugged him against his will. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party "must present facts in support of the issues on which it would bear the burden of proof at trial, there must be probative evidence of those facts, and the facts must be uncontroverted or at least create a genuine issue of material fact." School District No. IJ, Multnomah County, Inc. v. ACANDS, Inc., 5 F.3d 1255, 1264 (9th Cir.1993). There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 4
 Hernandez contends that he was forcibly drugged by numerous defendants on February 8, 1985, after defendant McFadden falsely accused him of not taking his prescribed medication. Hernandez alleges that he was beaten and kicked during the administration of the medication. He further alleges that a female prison employee was allowed to see his naked buttocks during the administration of the medication.
 
 Involuntary Drugging/Qualified Immunity
 
 5
 Hernandez claims that the defendants violated his due process rights when they forcibly injected him with psychotropic medication. The defendants argue that they are entitled to qualified immunity on this claim.
 
 
 6
 A government official who performs discretionary functions is entitled to qualified immunity "unless the official's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993); see Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A law is clearly established when " 'the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Camarillo, 998 F.2d at 640 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).
 
 
 7
 In 1990, the Supreme Court determined that prison officials may administer psychotropic drugs to an inmate against his will only if the inmate has a serious mental illness, the inmate is dangerous to himself or others, and the treatment is in the inmate's medical interest. Washington v. Harper, 494 U.S. 210, 227 (1990). Further, an inmate is entitled to certain procedural safeguards before he is medicated involuntarily. See id. at 235. These safeguards were not followed in Hernandez's case.
 
 
 8
 However, Hernandez was drugged involuntarily on February 8, 1985. At that time, Washington had not yet been decided. See Camarillo, 998 F.2d at 639 (plaintiff must show that right was clearly established at time of allegedly impermissible conduct). The Supreme Court had determined that a severely retarded person who had been involuntarily committed could be physically restrained for his own safety and the safety of others, provided the decision to restrain was the result of a qualified professional's judgment. See Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982). Furthermore, in 1984, the Ninth Circuit determined that a system in which mental patients who had been committed as a result of being found not guilty by reason of insanity were subjected to regular examinations by health care professionals satisfied the committees' due process rights. See Hickey v. Morris, 722 F.2d 543, 548 (9th Cir.1983).
 
 
 9
 At the time of the events in question, the law did not clearly delineate an inmate's right to be free of involuntary medication. The defendants were following the orders of Hernandez's treating physician, who determined that Hernandez should be medicated involuntarily because he was a danger to himself and others. This does not violate the law as set out in Youngberg, 457 U.S. at 321-22, and Hickey, 722 F.2d at 548. Because the defendants' conduct did not violate a clearly established constitutional or statutory right of which a reasonable official should have known, the district court properly determined that the defendants are entitled to qualified immunity on this claim. See Harlow, 457 U.S. at 818; Camarillo, 998 F.2d at 639.
 
 False Accusation
 
 10
 Hernandez claims that defendant McFadden falsely accused him of failing to take his medication, resulting in the forcible injection at issue here. Hernandez avers that McFadden approached him prior to the injection and accused him of not taking his medication. Hernandez denied the accusation. Immediately afterward, McFadden returned with a number of other defendants, and forcibly injected Hernandez.
 
 
 11
 A defendant is liable under section 1983 for depriving the plaintiff of his constitutional rights only if the defendant is both the proximate and actual cause of the deprivation. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988). Here, the defendants aver, and Hernandez does not dispute, that he was forcibly medicated on the orders of Dr. Lardizibal. Because Hernandez has not met his burden of showing that McFadden's statement was the cause of the involuntary injection, the district court properly granted summary judgment in favor of the defendants on this claim. See id.; ACANDS, Inc., 5 F.3d at 1264.
 
 Excessive Force Claim
 
 12
 Hernandez alleges that prison officials used excessive force in administering the medication. When an inmate claims that prison officials violated his eighth amendment rights by using excessive physical force, the relevant inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). The case should go to a jury only if the evidence supports a reliable inference that prison officials wantonly inflicted pain. Whitley v. Albers, 475 U.S. 312, 322 (1986).
 
 
 13
 Here, Hernandez submitted a declaration in which he claims that he was physically assaulted, beaten and kicked by defendants when they administered medication against his will. Specifically, he states that the defendants forcibly picked him up, threw him down on a bunk, used their whole weight to hold him down as he struggled, pulled his pants off, and injected medication into his buttocks. All of the defendants who participated in the incident have submitted affidavits stating that Hernandez was medicated without incident, and that no beating, kicking or assault took place. In addition, defendant Lardizibal avers that she examined Hernandez after the medication took place, and that he did not complain of any assault nor show any physical signs that such an assault took place.
 
 
 14
 Hernandez has submitted no evidence that any force used against him was applied maliciously and sadistically for the purpose of causing harm. See Hudson, 112 S.Ct. at 999. According to Hernandez's own statement, force was necessary to subdue and medicate him because he was struggling against the defendants. Because the evidence, viewed in the light most favorable to Hernandez, does not support a reliable inference that the defendants wantonly inflicted pain, the district court properly granted summary judgment in favor of the defendants on this claim. See Whitley, 475 U.S. at 302; ACANDS, Inc., 5 F.3d at 1264; Taylor, 880 F.2d at 1045.
 
 Privacy Right Claim
 
 15
 Hernandez alleges that his right to privacy was violated when a female prison employee was allowed to see his naked buttocks during the involuntary administration of medication. Prisoners have only a very limited right of bodily privacy from guards of the opposite sex. Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir.1993) (en banc). The assignment of female prison guards to positions requiring only infrequent and casual observation of naked male prisoners does not violate the prisoners' right to privacy. Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir.1988) (visual strip search of male prisoners by female guards does not violate privacy right); Grummett v. Rushen, 779 F.2d 491, 494-95 (9th Cir.1985) (pat-down searches of male prisoners by female guards does not violate privacy right). Here, Hernandez has alleged only a single isolated instance in which a female correctional employee was able to see his bare buttocks. Such an incident constitutes the type of infrequent and casual observation which does not violate an inmate's privacy rights. See Michenfelder, 860 F.2d at 334; Grummett, 779 F.2d at 494-95. Accordingly, summary judgment was properly granted on this claim. See ACANDS, Inc., 5 F.3d at 1264; Taylor, 880 F.2d at 1045.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3