60 F.3d 836
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kent Louis WALLACE, Plaintiff-Appellee,
v.
Cliff LATHROPE, Rick Del Fiorentino, and The City of Fort
Bragg, Defendants-Appellants.
 No. 94-15099.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fort Bragg police officers Cliff Lathrope and Rick Del Fiorentino ("Officers") appeal the district court's denial of their motion for summary judgment based on qualified immunity in Kent Wallace's 42 U.S.C. Sec. 1983 action alleging that his civil rights were violated when the Officers entered his apartment and arrested him. We have jurisdiction pursuant to the collateral order doctrine, Mitchell v. Forysth, 472 U.S. 511, 530 (1985), and we affirm. The Officers and The City of Fort Bragg appeal the district court's denial of their motion for summary judgment on Wallace's pendant state claims. We dismiss this portion of the appeal for lack of jurisdiction.
 
 A. Qualified Immunity
 
 3
 We review de novo the district court's denial of a qualified immunity defense. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993).
 
 
 4
 To determine whether an official is entitled to qualified immunity, a court must determine (1) whether the right allegedly violated was "clearly established" at the time of the alleged violation, and (2) whether, in light of that law, a reasonable official could have believed his conduct to be lawful. Id. Plaintiff bears the burden of proving the right allegedly violated was clearly established at the time of the officials allegedly impermissible conduct. Camirillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993). Once the plaintiff meets its burden, the burden shifts to the official to prove that a reasonable official could have believed that his conduct was lawful. Neely v. Feinstein, 50 F.3d 1502, 1508-09 (9th Cir. 1995).
 
 1. Search
 
 5
 Police entry into a house without a warrant is constitutionally permissible if there exist (1) probable cause for the search, and (2) exigent circumstances that justify dispensing with the warrant requirement. Murdock v. Stout, No. 93-56248, 1994 WL 239366, at * 3 (9th Cir. Apr. 26, 1995). Exigent circumstances has been defined as: "those circumstances that would cause a reasonable person to believe that entry ... was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." Id. (quotation omitted).
 
 
 6
 The law regarding the exigent circumstances exception to the search warrant requirement is well established. Thus, the issue here is whether the Officers have established that a reasonable officer could have believed that both exigent circumstances and probable cause existed to enter Wallace's house without a warrant.
 
 
 7
 First, the Officers contend that the issue of exigent circumstances and probable cause is foreclosed by the state court's denial of Wallace's motion to suppress all the evidence supporting his arrest. We disagree.
 
 
 8
 In order for the doctrine of collateral estoppel, or issue preclusion, to apply under California law, there must be a final and binding judgment. Lucido v. Superior Court, 51 Cal. 3d 335, 341 (1990). Under California law, a denial of a motion to suppress evidence is not considered a final judgment for purposes of collateral estoppel. Heath v. Cast, 813 F.2d 254, 258 (9th Cir.), cert. denied, 484 U.S. 849 (1987).
 
 
 9
 Here, the criminal charges brought against Wallace were dropped. Thus, collateral estoppel does not foreclose the issue of exigent circumstances and probable cause because there was no final for purposes of collateral estoppel. See id.
 
 
 10
 The Officers next contend that the district court erred by concluding that there is a genuine issue of material fact regarding what the Officers could see before entering Wallace's apartment. To the extent that the district court's order determined whether or not there was a factual issue for trial, we lack jurisdiction to review the district court's denial of the Officers' motion for summary judgment. See Johnson v. Jones, No. 94-455, 1995 WL 347244 (U.S. June 12, 1995) (defendant may not appeal a district court's denial of qualified immunity where the order determines whether there is a genuine issue of fact for trial).
 
 
 11
 Based on the uncontroverted evidence at the time of the entry, the Officers knew that (1) there had been a report of screams coming from Wallace's apartment, and (2) the occupant was playing loud music.[1]
 
 
 12
 We agree with the district court that under these circumstances, exigent circumstances did not justify a warrantless search of Wallace's apartment. We also conclude that the Officers failed to establish that a reasonable officer could have believed that exigent circumstances justified the warrantless search of Wallace's residence. Thus, the district court properly denied the Officers' summary judgement motion based on qualified immunity on this claim. See Neeley, 50 F.3d at 1509.
 
 2. Arrest
 
 13
 The Officers contend that they are entitled to qualified immunity for Wallace's warrantless arrest because a reasonable officer could have believed that there was probable cause for the arrest under either Cal. Penal Code section 148.9 or section 148 because Wallace gave the Officers a false name.
 
 
 14
 We affirm the district court's denial of the Officers' motion for summary judgment based on qualified immunity for the reasons stated in the district court's order.
 
 B. Pendant State Claims
 
 15
 The district court's denial of summary judgment for the Officers and the City on Wallace's pendant state claims does not qualify as a "collateral order," and there is no "pendant appellate jurisdiction" over these claims. See Swint v. Chambers County Comm'n, 115 S. Ct. 1203, 1207-08 (1995). Thus, the appeal of the pendant state claims must be dismissed for lack of jurisdiction. See Henderson v. Mohave County, No. 93-16735, slip op. at 6303 (9th Cir. June 6, 1995).
 
 
 16
 AFFIRMED in part, and DISMISSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Officers contend that Wallace failed to controvert their evidence regarding what they saw in the apartment prior to entry. The evidence submitted by the Officers, however, does not establish when they entered the apartment or what they actually saw prior to entry