83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph RODRIGUEZ, Plaintiff-Appellant,
v.
CITY OF SIMI VALLEY; Kathy Vigil; Unknown Hostetler,
Detective; Unknown Daniels, Detective; Unknown Delamater,
Detective; Steven Lerman, Officer; Unknown Hopkins,
Detective, Defendants-Appellees.
 No. 95-55263.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Rodriguez appeals the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action. Specifically, Rodriguez claims that defendants lacked probable cause to arrest him on charges of sexually abusing his daughter. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's conclusion regarding defendants' entitlement to qualified immunity, Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991), and affirm.
 
 
 3
 Rodriguez contends that the district court erred by concluding that defendants were entitled to qualified immunity. This contention lacks merit.
 
 
 4
 As an initial matter, the district court did not err by granting summary judgment for defendants based on qualified immunity even though defendants did not raise the issue of qualified immunity in their answer to Rodriguez's complaint. See Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993).
 
 
 5
 In deciding the merits of a qualified immunity defense to "liability for Fourth Amendment violations, the district court must determine whether, in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful." Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993) (citing Anderson v. Creighton, 483 F.2d 635, 641 (1987)). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 112 S.Ct. 534, 537 (1991) (per curiam) (citation and internal quotations omitted).
 
 
 6
 Here, the parties agree that there is a clearly established right to not being subjected to a warrantless arrest where a police officer does not have probable cause to believe a crime has been committed. Accordingly, our inquiry is limited to the question of whether, under the circumstances of this case, a reasonable officer could have believed that her conduct was lawful. See Act Up!/Portland, 988 F.2d at 871. This is an "essentially legal question" to be decided by the court. See id. at 873 (citation and internal quotation omitted).
 
 
 7
 Here, after reviewing the information upon which defendant Vigil based her conclusion that there was probable cause to arrest Rodriguez, we conclude that a reasonable officer could have believed that arresting Rodriguez was lawful. See Hunter, 112 S.Ct. at 536-37; Act Up!/Portland, 988 F.2d at 871.
 
 
 8
 Finally, insofar as the district court relied upon the declaration of Joseph Callanan, the district court did not abuse its discretion in ruling that Callanan was qualified to submit expert testimony. See United States v. Rahm, 993 F.2d 1405, 1409-10 (9th Cir.1993).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3