**In the Matter of PAUL J. PARADISE & ASSOCIATES, INC., Debtor.**

**Rodman F. MULLINS, Jr., Plaintiff,**

v.

**PAUL J. PARADISE & ASSOCIATES, INC., Defendant.**

Bankruptcy No. 95–967 (HSB).
Adversary No. A–96–71.

United States Bankruptcy Court, D. Delaware.

Dec. 29, 1997.

Andrew J. Witherell, Wilmington, DE, for Plaintiff.

Jeoffrey L. Burtch, Michael D. DeBaecke, Cooch and Taylor, Wilmington, DE, for Jeoffrey L. Burtch, Chapter 7 Panel Trustee.

*MEMORANDUM OPINION*
*AND ORDER*

HELEN S. BALICK, Chief Judge.

In this adversary proceeding, Rodman F. Mullins, Jr. seeks a court order determining that a parcel of real estate, Lot No. 33, is not the property of the Chapter 7 estate of Paul J. Paradise & Associates, Inc., and directing the Trustee, Jeoffrey L. Burtch, to turn over Lot 33 to Mr. Mullins. The Trustee has filed a motion for summary judgment. This is the court's decision on the Trustee's motion in this core matter. 28 U.S.C. § 157(b)(2)(E) and (H).

## I. *Legal Standard*

In considering a motion for summary judgment, the court will view the record and the inferences therefrom in the light most favorable to the non-movant. If this record shows no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law, then summary judgment shall be granted in favor of the movant. *Hon v. Stroh Brewery Co.*, 835 F.2d 510, 512 (3d Cir.1987). Here, the record consists of admissions in the pleadings, a promissory note and a settlement statement relating to Lot 33, and responses to interrogatories. Fed. R.Bankr.P. 7056(c). The court agrees with the parties that there are no genuine issues of material fact and that the legal issues raised by the motion for summary judgment may be decided by the court. The following facts appear from the record and merit discussion.

## II. *Facts*

Mullins owned unimproved real estate in Delaware. In the early 1990's, Mullins and Paradise & Associates, a builder of homes, entered into separate real estate transactions regarding four lots—Lot 33, 34, 35 and 36. All these lots were owned by Mullins. Only Lot 33 is directly at issue in this proceeding. Lot 33 is a parcel of land in the Village of Garrison Lake, Kent County, Delaware.

On or about March 7, 1995, Mullins transferred title of Lot 33 to Paradise & Associates. The transfer occurred so that Paradise & Associates could use the property as collateral to secure construction financing. No money changed hands at the time of transfer. Rather, a note in the amount of $41,580.00 was executed between Mullins and Paradise & Associates in favor of Mullins. Paradise & Associates agreed to build a house on the transferred lot, to sell the house to a buyer, and to satisfy its debt to Mullins with the proceeds of the sale.

Paradise & Associates failed to obtain financing to construct a home on Lot 33 and eventually abandoned the project without building at all. Paradise & Associates never paid Mullins any monies for the transfer of Lot 33. Title to Lot 33 remains in the name of Paradise & Associates.

Paradise & Associates filed a Chapter 7 bankruptcy petition on August 15, 1995. Case No. 95–967. At no time prior to this bankruptcy filing did Mullins record any type of instrument indicating his interest in Lot 33. Paul and Mary Ann Paradise filed a joint Chapter 7 petition on September 26, 1995. Case No. 95–1173.

After the original briefing on this summary judgment motion was completed, the parties filed a stipulation that allowed for limited supplemental briefing. This briefing informed the court that on November 10, 1997, Paul J. Paradise, the executive officer and operating officer of the debtor corporation, pleaded guilty to a count of felony theft in violation of 11 *Del.C.* § 841. The subject property of this count was Lot 33.[1]

## III. *The Complaint & Summary Judgment Motion*

Mullins filed the complaint in this adversary proceeding in the corporate Chapter 7 case to determine the ownership of Lot 33 and to obtain equitable relief. On the basis of various equitable theories, including resulting trust and constructive trust theories, Mullins requests that the court:

---

1. The indictment to which Paradise pleaded guilty stated: "Paradise, on or about March 7, 1995, ... did take and exercise control over with

intent to appropriate, property consisting of Lot No 33, Ashton Court, Village of Garrison Lake, belonging to Rodman Mullins, Jr."

1. Determine Lot 33 to be the property of Mullins; and

2. Order Lot 33 to be removed from the estate of Paradise & Associates. Mullins also requests costs and attorney's fees.[2]

In his motion for summary judgment, the Trustee takes the position that Lot 33 constitutes property of the estate pursuant to 11 U.S.C. § 544(a). This section is often referred to as the "strong arm clause." *E.g.*, H.R.Rep. 595, 95th Cong., 1st Sess., at 370–71 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963. The Trustee contends the strong arm powers override any interest that Mullins may assert as a potential beneficiary of a resulting or constructive trust (collectively, "equitable trust") that the court may impose.

Rule 7008(c) of the Federal Rules of Bankruptcy Procedure states that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively ... any other matter constituting an avoidance or affirmative defense." The Trustee's argument conceding his strong-arm powers is an avoidance or affirmative defense to the relief requested in Mullin's complaint. In his answer, however, the Trustee did not plead this argument.

"In the absence of a showing of prejudice, however, an affirmative defense may be raised for the first time at summary judgment." *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir.1993) (citations omitted). Mullins has not claimed prejudice by the fact that the Trustee's affirmative defense was first raised in his opening brief, nor is any prejudice suggested by the record. Thus, even though a motion for summary judgment is not the most appropriate way to raise a previously unpleaded defense, the court shall consider the Trustee's affirmative defense of section 544(a). *Kleinknecht v. Gettysburg College*, 989 F.2d 1360, 1374 (3d Cir.1993).

IV. *Discussion*

At the time Paradise & Associates filed its Chapter 7 petition, there was nothing of record that would have notified the Trustee that

Mullins had an interest in Lot 33. Thus, the Trustee asserts, and it is not disputed by Mullins, that under principles of applicable Delaware law, a bona fide purchaser of Lot 33 as of the petition date would take title free of any claim of Mullins. *E.g., Vrendenburgh v. Jones*, Del.Ch., 349 A.2d 691, 693 (1975). The Trustee further asserts that section 544(a) gives him the rights of a bona fide purchaser, that these rights cut off the beneficiary of an equitable trust, and that thus Lot 33 should be considered property of the Chapter 7 estate.

Mullins disputes these assertions, for two independent reasons. First, Mullins argues that 11 U.S.C. § 544(a) does not apply to a transfer of real property to Paradise & Associates. Second, Mullins argues that an equitable trust prevails over the strong-arm provision of § 544(a). These two issues of bankruptcy law are discussed below.

A. *Section 544(a)(3) Applies to Transfers of Real Property to the Chapter 7 Estate.*

■ Mullins transferred Lot 33 to Paradise & Associates. Mullins argues that § 544(a), the strong arm provision, only applies to instances where real property was transferred *from* the estate and not to real property transferred to the estate.

Section 544(a) provides in pertinent part:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may *avoid any transfer of property of the debtor* or any obligation incurred by the debtor that is voidable by—

\* \* \*

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the

---

**2.** Mullins also filed a complaint against Paul Paradise in his individual Chapter 7 case. That complaint alleges that Mullins transferred the title of Lot 35 to Mullins in exchange for a promised later payment by Paradise to Mullins of $39,699.93 as reflected by a note. The payment was never made. That complaint asks this court to determine that the $39,699.93 debt of Paul Paradise is not dischargeable pursuant to 11 U.S.C. § 523. Case No. 95–1173, A–96–12.

time of the commencement of the case. whether or not such a purchaser exists.

11 U.S.C. § 544(a) (emphasis added). Mullins argues that the phrase "any transfer of property of the debtor" requires a real transfer by the debtor to a third party. If this is the correct construction, then the Trustee cannot take advantage of the strong-arm powers under section 544(a).

Many courts have considered this issue, and there is a split of authority. The minority view accords with Mullins' position. *E.g., In re Brown*, 182 B.R. 778 (Bankr.E.D.Tenn. 1995).

The majority view accords with the Trustee's position, and reads the statute as conferring the status of bona fide purchaser upon the trustee for all purposes, regardless of whether a transfer from Paradise & Associates has taken place. *See id.* at 781 (citing cases applying section 544(a) where there was no transfer from the debtor to a third party). For instance, it has been reasoned that:

> Section 544(a)(3) allows the trustee to have a bona fide purchaser's rights *or* avoid a transfer, so a "transfer" by the debtor cannot be a necessary condition of the exercise of the strongarm power. The statute mentions "transfer" only in the sense of the hypothetical transfer that measures the trustee's rights: if a hypothetical bona fide transferee from the debtor would come ahead of the "true" owner's rights, then the trustee takes ahead of the true owner.

*Belisle v. Plunkett*, 877 F.2d 512, 515 (7th Cir.1989), *cert. denied sub nom., Belisle v. Anzivino*, 493 U.S. 893, 110 S.Ct. 241, 107 L.Ed.2d 191 (1989).

This court has previously considered this issue, and held that it agreed with the majority rule. *In re Box Brothers Holding Co.*, Case No. 94–722, Adv. No. 94–130, Docket No. 36 (Balick, J.) (Bankr.D.Del. Feb. 6, 1995) (order), *appeal dismissed*, 194 B.R. 32 (D.Del.1996).

Mullins attempts to distinguish the *Box Brothers* decision. He correctly points out

that in that decision, this court noted that the *Box Brothers* plaintiff did not cite any authority to contradict the majority's interpretation of § 544(a). In the instant case, Mullins has cited three cases that adhere to the minority view.[3] All three cases are from jurisdictions outside the Third Circuit, and the reasoning contained therein does not persuade the court that its prior reasoning should be changed. Section 544(a)(3) applies to a transfer to a debtor.

**B. *An Equitable Trust does not Defeat the Trustee's Strong Arm Powers Under Section 544(a)(3)***

Mullins asserts that Paradise & Associates has no equitable interest in Lot 33, but merely legal title. Indeed, Mullins spends a considerable portion of his original and supplemental briefing arguing that an equitable trust should be imposed upon Lot 33. However, for the purposes of his summary judgment motion, the Trustee *assumes* that this court would impose an equitable trust on Lot 33 in favor of Mullins. This assumption makes irrelevant this argument of Mullins, and brings the court to the second legal issue raised by the summary judgment motion of Paradise and Associates—whether the strong arm provision of § 544(a) prevails over the court's imposition of an equitable trust.

Section 541(a) of Title 11 ("Property of the estate") states that a Chapter 7 estate "is comprised of all the following property, wherever located and by whomever held: (1) [A]ll legal or equitable interests of the debtor in property as of the commencement of the case," and (4) "Any interest in property preserved for the benefit of or ordered transferred to the estate under [the trustee's strong arm powers as provided in] section ... 551 of this title."

> Section 541(d) provides in pertinent part:
> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such

---

**3.** *In re Mill Concepts Corp.*, 123 B.R. 938 (Bankr. D.Mass.1991); *In re Brown*, 182 B.R. 778 (Bankr.E.D.Tenn.1995); *In re Golden Triangle Capital, Inc.*, 171 B.R. 79 (9th Cir. BAP 1994).

progeny, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d). For the purposes of this summary judgment motion, as of the commencement of the case, the debtor had only legal title to Lot 33. Mullins argues, therefore, that the equitable interests of Lot 33 are not part of the debtor's estate.

■ There is obviously some tension between sections 541(a), 541(d), and 544, and many courts have considered the interplay of these sections. The predominant view is that an equitable trust does not defeat the trustee's strong arm powers under section 544(a). *E.g., Patel v. Rupp*, 195 B.R. 779, 782 (D.Utah 1996) (citing cases).[4] This view acknowledges section 541(d), and the argument set forth by Mullins, but for the reasons discussed below, nonetheless concludes that the property should remain in the Chapter 7 estate.

*In re Omegas Group, Inc.*, 16 F.3d 1443 (6th Cir.1994) exemplifies the predominant view. This case, cited by this court in the *Box Brothers* decision, and analyzed by Mullins and the Trustee in their briefing, provides a comprehensive analysis of the issues raised by the facts here. In response to the section 541(d) argument, the *Omegas Group* court first points out that an equitable trust is a remedy, and thus does not exist until the claimant obtains that remedy from the court. Therefore, unless a court has already impressed an equitable trust at the time of the bankruptcy petition, the claimant cannot properly represent to the court that he was a beneficiary of an equitable trust held by the debtor. 16 F.3d at 1449, 1451. Moreover:

> Constructive trusts are anathema to the equities of bankruptcy since they take from the estate, and thus directly from competing creditors, not from the offending debtor. "Ratable distribution among all creditors" justifies the Code's placement of the trustee in the position of a first-in-line judgment creditor and bona

fide purchaser for value, empowered to avoid certain competing interests ... so as to maximize the value of the estate.... The Code recognizes that each creditor has suffered disappointed expectations at the hands of the debtor; for this reason, it makes maximization of the estate the primary concern and entitlement to shares of the estate secondary. Imposing a constructive trust on the debtor's estate impermissibly subordinates this primary concern to a single claim of entitlement.

*Id.* at 1452–53 (footnotes omitted).

Finally, the *Omegas Group* court also reasoned that a deceived creditor, instead of being able to disrupt the scheme of pro rata distribution to the detriment of other similarly situated creditors by requesting that the court impose an equitable trust, should pursue its claim under section 523 of the Bankruptcy Code. *Id.* at 1453. For these reasons, the *Omegas Group* court concluded that the Code's system of equitable distribution is paramount to the bankruptcy court's creation of an equitable trust for the benefit of an injured creditor. This court finds this reasoning persuasive and adheres to the majority rule.

In his supplemental briefing, Mullins has raised a new argument not raised in the original briefing concerning the application of equitable subrogation. The purpose of the stipulation concerning supplemental briefing was to allow the parties to inform the court of "recent ... events and disclosures." Docket no. 23, ¶ 4. Mullin's equitable subrogration argument was thus not contemplated by the stipulation, and will not be considered. *See also* Rule 7.1.2(c), 7.1.3(c)(2) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

Mullins has also made other arguments in opposition to the summary judgment motion. These arguments are without merit.

---

4. The court is aware of only one case, *Vineyard v McKenzie (In re Quality Holstein Leasing)*, 752 F.2d 1009 (5th Cir.1985), that takes the opposite view on the same facts, and that was in dicta. The other cases that the court is aware of address a different set of facts where the trust in question was a statutory or express trust. 5 *Collier on Bankruptcy*, ¶ 544.04 at 544–8 & n. 5 (15th ed. rev.1997). No such trust has been alleged here.

### V. *Conclusion*

Therefore, as matter of law, even if this court were to impose an equitable trust on Lot 33 for the benefit of Mullins, the Trustee's exercise of his strong arm powers pursuant to 11 U.S.C § 544(a) would preserve that property for the benefit of the estate. The Trustee's Motion for Summary Judgment is GRANTED.