STONELIGHT TILE, INC., a California corporation, David G. Anson, an individual, Plaintiffs–Appellants,

v.

BAY AREA AIR QUALITY MANAGEMENT DISTRICT, a California Public Entity, Defendant–Appellee.

Nos. 99–16381, 99–17037.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 2000.

Decided Jan. 18, 2001.

Before BRIGHT,* REINHARDT, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Plaintiffs-appellants, Stonelight Tile, Inc. ("Stonelight") and David Anson, President of Stonelight, but as an individual, brought this action against Bay Area Air Quality Management District ("District") and unnamed defendants referred to as Does 1 through 100 alleging that the District did not properly monitor and enforce air quality standards, thereby causing damages to plaintiffs. The plaintiffs sued on six causes of action: 1) deprivation of civil rights, pursuant to 42 U.S.C. § 1983; and five claims under state law for 2) intentional interference with economic relationship; 3) negligent interference with

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

economic relationship; 4) fraud; 5) intentional infliction of emotional distress; and 6) negligent infliction of emotional distress. The district court granted summary judgment in favor of the defendants on statute of limitations grounds and plaintiffs bring this appeal. We affirm dismissal of the state claims, items two through six above, as barred by the statute of limitations but reverse dismissal of the federal claim for deprivation of civil rights under § 1983.

Considering first the federal claim for deprivation of civil rights, the record discloses that the district court, sua sponte, granted summary judgment for defendants that claim on statute of limitation grounds when such defense had not been pleaded or otherwise asserted by the defendant in its motion for summary judgment.

■ Under Rule 8(c) of the Federal Rules of Civil Procedure, a party must set forth affirmatively a defense resting upon a statute of limitations. As noted here, defendant failed to plead the statute of limitations as a defense to the federal claim in its answer to the complaint or in its motion for summary judgment. The failure to raise such issue is a waiver, where the opposing party is prejudiced thereby. *See Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir.1993). Here, the prejudice is apparent as plaintiffs were afforded no opportunity to assert that the statute of limitations did not apply. Moreover, the trial court erred in raising an affirmative defense without giving the parties an opportunity to resist or discuss the defense. *See State of Nev. Employees Ass'n, Inc. v. Keating*, 903 F.2d 1223, 1225 (9th Cir.), *cert. denied*, 498 U.S. 999, 111 S.Ct. 558, 112 L.Ed.2d 565 (1990). Here, appellee has conceded that issue by failing

to brief the matter and stating at oral argument that this issue should be remanded to the district court.[1]

■ We agree with the district court that the time for filing the state law claims began when Stonelight and David Anson received notice of rejection of their claim by the District and expired six months later. The district court observed:

The District contends that Plaintiffs were required to file suit within six months of rejection of their Government Code claim against the District. Plaintiffs contend they are not barred from bringing suit because the District never denied their claim and the statute of limitations for fraud does not begin to run until discovery.

Because the District is a "public entity" within the definition of California Government Code § 900.4, Plaintiffs must present a written claim to the District and the District must act upon or reject the claim before Plaintiffs can file suit for intentional infliction of emotional distress (fifth claim) or negligent infliction of emotional distress (sixth claim). Cal. Gov't Code § 945.4.

E.R. at 20, p. 5. Here, the plaintiffs presented some of their claims in a Government Code Claim document to the District on November 23, 1994, including public nuisance, private nuisance, trespass to land, negligence per se, intentional infliction of emotional distress, negligent infliction of emotional distress, and disparagement of trade or business. The District rejected the claims on December 21, 1994. Plaintiffs failed to sue within six months as this action commenced almost four years

---

1. Appellee in its brief contended an affirmance could be justified on the merits on other grounds. However, the district court did not consider any other reasons for grant-

ing a summary judgment in favor of defendants and we decline to consider issues not ruled upon by the district court.

after the presentation of the various claims.

The district court determined that plaintiffs failed to present any claim for intentional and negligent interference with economic relationship to the District. Thus, it properly dismissed the second and third claims.

The district court rejected the fraud claim because plaintiffs failed to present it to the District within one year after discovery of the alleged fraud on October 24, 1997. Moreover, the court rejected the plaintiffs' argument that the present fraud claim relates back to the 1994 claim document that they presented to the District, because the present claim is entirely new and not an amended or supplemental pleading to the 1994 claim. For reasons set forth in the district court opinion, we affirm dismissal of the fraud claim, the fourth claim.

As to the fifth and sixth claims for intentional and negligent infliction of emotional distress, we agree with the district court that the suit should have been filed by at least November of 1996, assuming no written notice of rejection provided by the District, but the suit was not filed until October 20, 1998. Thus, the filing came too late.

We conclude that the summary judgment order as to the federal civil rights claim must be reversed, because defendants have waived any statute of limitations defense they may have possessed as to that claim.

In a second appeal, No. 99–17037, the appellants contest the action of the district court in awarding the District attorney's fees in this action. Because we reverse the summary judgment in part, we vacate the award of attorney's fees.

Accordingly, in appeal No. 99–16381, we REVERSE the summary judgment order as to the federal cause of action but AFFIRM the summary judgment order as to the state claims. We also VACATE the award of attorney's fees.

Appellants shall recover costs on the two appeals.