**Garry J. LOWERISON, Plaintiff–Appellant,**

v.

**COUNTY OF SAN DIEGO; William Yavno, Defendants–Appellees.**

No. 00–55918.

D.C. No. CV–99–00054–IEG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Jan. 17, 2002.

Before SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

## MEMORANDUM [*]

Appellant Garry J. Lowerison ("Lowerison") appeals the district court's grant of summary judgment in favor of Appellees, the County of San Diego ("County") and Sheriff's Deputy William Yavno ("Yavno"), on Lowerison's 42 U.S.C. § 1983 and state law claims. Lowerison's claims are predicated on a traffic stop initiated by Yavno. Lowerison contends that Yavno used ex-

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

cessive force by applying handcuffs too tightly. The district court also refused to grant Lowerison's third request for additional discovery.

*Excessive Force*

■ Lowerison admitted that Yavno did nothing to hurt him "physically as far as pain goes," and that Yavno only touched him and guided him. Lowerison complained to Yavno about tight handcuffs only one time, while Yavno was driving to the station. Lowerison failed to raise a genuine issue of material fact regarding excessive force, and thus the district court properly granted Appellees' motion for summary judgment. *Little v. Windermere Relocation, Inc.*, 265 F.3d 903, 915 (9th Cir.2001).

*False Arrest*

■ Lowerison asserts a false arrest claim, on the basis that Yavno lacked probable cause for Lowerison's arrest. Lowerison is collaterally estopped from asserting lack of probable cause for his arrest, because the state court's denial of Lowerison's motion to suppress evidence precludes relitigation of the false arrest issue. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir.1990). Lowerison contends that because there was doubt about the judgment in the criminal proceeding, the motion to suppress was "not essential to the final judgment in the criminal proceeding" and was "not fully and finally litigated." However, the motion to suppress was an integral part of the criminal proceeding. Lowerison's argument is unpersuasive.

■ Lowerison's guilty plea also estops him from asserting lack of probable cause for his arrest. Lowerison argues that Appellees waived the affirmative de-

fense of collateral estoppel by failing to specifically plead it. Affirmative defenses are not waived even if they are first raised in pretrial dispositive motions, if the plaintiff is not unfairly surprised or prejudiced. *See Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir.1993). Because Lowerison has failed to establish surprise or prejudice, Appellees did not waive the affirmative defense of collateral estoppel.

*Malicious Prosecution*

■ Lowerison's malicious prosecution claim against Yavno fails because no material issue of fact exists regarding the independent authority of the prosecutor to proceed with charges. *Nadell v. Las Vegas Metro. Police Dept.*, 268 F.3d 924, 929 (9th Cir.2001).

*Destruction of Property*

■ Lowerison contends that Yavno damaged equipment in Lowerison's truck, and also damaged his truck.[1] Yavno presented evidence that there was "no major damage" to the vehicle when it left his control. Lowerison's conclusory statements are insufficient to defeat summary judgment. *Magana v. N. Mariana Islands*, 107 F.3d 1436, 1447–48 (9th Cir. 1997). Additionally, claims which are "not specifically and distinctly argued and raised in a party's opening brief are waived." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir.2001) (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1110 n. 1 (9th Cir.2000) (en banc)).

■ In any event, if California has an "adequate post deprivation remedy," Lowerison is barred from bringing a § 1983 claim. *Barnett v. Centoni*, 31 F.3d 813,

---

**1.** Lowerison could not see which items, if any, Yavno picked up when he was bending over Lowerison's truck during the search, be-

cause Yavno did not lift items up high enough for Lowerison to see over the bed walls of the truck.

816–17 (9th Cir.1994) (per curiam). California law does provide such a remedy. *Id.* Accordingly, Lowerison is not entitled to relief on his property damage claim.

*Falsification of Evidence*

■ Lowerison failed to raise a question of fact regarding his falsification of evidence claim. Lowerison offered absolutely no evidence that Yavno tampered with Lowerison's blood sample. Yavno detailed the handling of the blood test tube, tracing its location from the nurse who drew the sample, to the evidence refrigerator where Yavno left it to be tested according to procedure. Summary judgment was proper as to this claim.

*Discovery Request*

■ The district court's denial of Lowerison's request for further discovery is reviewed for abuse of discretion. *Chance v. Pac–Tel Teletrac Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir.2001). Lowerison had the burden of proffering sufficient facts to make clear "what further discovery would reveal that is 'essential to justify ... opposition' and prevent summary judgment." *Nicholas v. Wallenstein,* 266 F.3d 1083, 1088 (9th Cir.2001) (quoting *Program Eng'g Inc. v. Triangle Publications, Inc.,* 634 F.2d 1188, 1194 (9th Cir. 1980)). The district court noted that Lowerison failed to "specify what, if any additional documents" he sought to uncover through discovery. The district court acted within its discretion in denying Lowerison's third request for additional discovery.

For the reasons stated above, this Court affirms the district court's grant of summary judgment in favor of Appellees.

AFFIRMED.