Kendra WALLACE, Plaintiff—Appellant,

v.

SAN JOAQUIN COUNTY; Jim Stephens, Defendants—Appellees.

No. 02–15278.

D.C. No. CV–00–01873–DFL(JFM).

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2003.*

Decided Feb. 18, 2003.

---

5. *See Dunn,* 480 U.S. at 301 n. 4 (stating that "[f]encing configurations are important factors in defining the curtilage").

6. *Id.* at 302.

7. *See id.* at 303 (testing visibility as if a person were standing in an open field near the house).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

Before TROTT, RYMER, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Kendra Wallace sued the County of San Joaquin, claiming that the County was liable under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, because (1) Wallace's supervisor sexually harassed her and (2) the County retaliated against Wallace when she filed a complaint about her supervisor's actions. Wallace appeals the district court's summary judgment dismissal of these claims.

An employer may be liable for the sex discrimination committed by a supervising employee. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). But an employer may assert an affirmative defense in some circumstances. *Id.* The affirmative defense is available so long as no "tangible employment action" was taken against the employee. *Id.*

There was none here. Wallace claims that she was "constructively discharged" because she felt compelled to resign due to the County's alleged refusal to transfer her to a different job.[1] An employee is constructively discharged if "a reasonable person in [the employee's] position would have felt that [the employee] was forced to quit because of intolerable and discriminatory working conditions." *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1465 (9th Cir.1994) (quotation marks and citation omitted). The conditions causing the constructive discharge are measured at the time of the employee's departure. *See id.; see also Montero,* 192 F.3d at 861.

At the time Wallace left the County, she knew that the County had responded promptly and vigorously to her complaint.[2] And the County told Wallace that she could seek a transfer to another position under a new supervisor, an option that Wallace did not pursue. Given these circumstances, no reasonable person would have felt compelled to quit. *See Montero,* 192 F.3d at 861.

Because Wallace was not constructively discharged, there was no tangible employment action. The County may therefore assert the affirmative defense articulated in *Faragher.* The *Faragher* defense re-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Whether "constructive discharge" constitutes a "tangible employment action," and therefore ruins the affirmative defense, is an open question in the Ninth Circuit. *See Montero v. Agco Corp.,* 192 F.3d 856, 861 (9th Cir.1999). We do not resolve this question, though, because Wallace was not constructively discharged. *See id.* (acknowledging the open question but allowing the affirmative defense because the plaintiff was not constructively discharged).

2. The district court properly disregarded Wallace's declaration opposing the County's motion for summary judgment to the effect that she had reported the harassing behavior long before the investigation took place, because these statements contradicted her prior deposition testimony. *See Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 267 (9th Cir.1991).

quires (1) that the employer exercise reasonable care to prevent and promptly correct sex harassment and (2) that the "plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 807. The County meets the first requirement of *Faragher* because it had in place a sex harassment policy and promptly initiated a thorough investigation when Wallace filed her complaint. *See Montero*, 192 F.3d at 862–63. And because Wallace did not complain about her supervisor's behavior for nearly two years, failed to participate in the investigation of her allegations, and did not pursue the option of transferring to another position, the second element of the *Faragher* defense is satisfied. *See id.* at 863.

The District Court correctly held that the *Faragher* affirmative defense shields the County from liability in this case and properly granted summary judgment to the County on Wallace's sex discrimination claims.[3]

The District Court's dismissal of Wallace's retaliation claims was also proper. To prove a claim for retaliation, "a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir.2000). Wallace was not constructively discharged, as discussed above,

and did not suffer any other "adverse employment action."

**AFFIRMED.**

---

3. Wallace briefly argues that because the County raised the *Faragher* defense for the first time when moving for summary judgment the affirmative defense should have not been available. Because Wallace "has not argued that [she] suffered prejudice due to [the County's] tardy assertion of this defense, the [*Faragher*] defense is not waived." *Paine v. City of Lompoc*, 265 F.3d 975, 981 n. 1 (9th Cir.2001); *see also Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir.1993). Also, Wal-

lace failed to object below to the County's assertion of the *Faragher* defense. We normally do not consider arguments raised for the first time on appeal. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir.1998).

