107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Judy L. MOORE, Plaintiff-Appellant,
v.
Jerad D. GERSTEIN, M.D., Defendant-Appellee.
 No. 95-16728.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1996.*
Decided Dec. 12, 1996.
 
 Before: CHOY, REAVLEY,** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Judy Moore ("Moore") appeals from the district court's order granting Jerad Gerstein's ("Gerstein") motion to dismiss her § 1983 action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We reverse and remand.
 
 
 3
 In its order granting the motion of Gerstein and his codefendants to dismiss Moore's amended complaint, the district court ruled that Moore had failed to state a claim because she had not alleged facts showing that Gerstein "acted with malicious intent or was grossly negligent" in order to overcome Gerstein's entitlement to qualified immunity. That is not the appropriate legal standard. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Newell v. Sauser, 79 F.3d 115 (9th Cir.1996); Romero v. Kitsap County, 931 F.2d 624 (9th Cir.1991).
 
 
 4
 To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege and show that the conduct complained of was committed by a person acting under the "color of state law," and that the conduct deprived the plaintiff of a federally protected right. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). In civil rights cases, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally and to afford plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). By alleging that Gerstein acted under color of California law in depriving her of her constitutional right to liberty, against her will, Moore is effectively alleging a violation of her Fourth Amendment right against unreasonable seizure of her person through the due process clause of the Fourteenth Amendment. Although Moore failed to cite the Fourth and Fourteenth Amendments in her amended complaint, she does cite to the Constitution. Given the district court's obligation to liberally construe her complaint, Moore has sufficiently stated a § 1983 claim.
 
 
 5
 In its order, the district court stated that the defendants were entitled to qualified immunity for their actions. Qualified immunity is an affirmative defense that must be raised by the defendant. Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993). It protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. It follows that, like any affirmative defense, qualified immunity may be upheld on a 12(b)(6) motion only when it is established on the face of the complaint.
 
 
 6
 When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the allegations of the complaint must be accepted as true. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996). Dismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, Gerstein is entitled to qualified immunity unless Moore alleges the violation of a constitutional right that was clearly established at the time of the alleged violation. Conversely, dismissal on 12(b)(6) grounds was premature if qualified immunity for Gerstein was not established on the face of Moore's complaint.
 
 
 7
 The three-part test used to determine an officer's entitlement to qualified immunity has not changed since Moore was detained: (1) the identification of a specific, clearly established constitutional right that was allegedly violated; (2) the determination of whether that right was so clearly established as to alert a reasonable officer to its constitutional parameters; and (3) the ultimate determination of whether a reasonable officer could have believed lawful the particular conduct at issue. Compare, e.g., Newell, 79 F.3d at 115 and Romero, 931 F.2d at 627-28.
 
 
 8
 Moore alleged that she was subjected to an unconstitutional seizure and detention at a mental treatment facility for 48 hours, under color of state law, on the basis of statements falsely attributed to her. The facts, taken as alleged on the face of the complaint, state a claim for relief without establishing Gerstein's entitlement to qualified immunity.
 
 
 9
 Moore's allegation of a Fourth Amendment violation is more than a generalized claim of a due process violation, thus meeting the first prong of the test. On the facts as alleged, Moore's detention on the basis of fabricated statements was unreasonable, establishing a violation of the Fourth Amendment stricture against unreasonable seizure.
 
 
 10
 Second, the Fourth Amendment right against unreasonable seizure is clearly established. For a right to be clearly established for qualified immunity purposes the "contours of the right must be sufficiently clear that [at the time the action is taken] a reasonable official would understand that what he is doing violates that right." Mendoza v. Block, 27 F.3d 1357, 1361 (9th Cir.1994) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). It is not required that "the very action in question has previously been held unlawful," but rather that "in the light of pre-existing law the unlawfulness must be apparent." Anderson, 483 U.S. at 640. We have said that "when 'the defendant's conduct is so patently violative of the constitutional right that [he] would know without guidance from the courts' that [his] action was unconstitutional, closely analagous pre-existing case law is not required to show that the law is clearly established." Mendoza, 27 F.3d at 1361, (quoting Casteel v. Pieschak, 3 F.3d 1050, 1053 (7th Cir.1993)). On the facts as alleged here, Gerstein's conduct was "patently violative" of Moore's Fourth Amendment right against unreasonable seizure, thus meeting the second prong of the test.
 
 
 11
 Moore's allegation of fabrications goes to the third prong of the qualified immunity test. Assuming arguendo that Gerstein violated "clearly established" law, he is still entitled to qualified immunity if he reasonably could have believed his conduct was lawful. Further, this reasonableness inquiry is objective; Gerstein's subjective motivation and intent are irrelevant. Id. at 1362. Thus, even if Gerstein was laudably motivated to lie in order to detain Moore for her own well being, it was unreasonable for him to do so. No matter his concerns, he only was allowed to exercise his authority within the constraints of the statute. An objectively reasonable official could not consider fabricating statements in order to detain Moore to be lawful.
 
 
 12
 Based on the facts as alleged in Moore's amended complaint, dismissal on 12(b)(6) grounds was error, as those facts indicate that Gerstein is not entitled to qualified immunity.
 
 
 13
 We hold that Moore's amended complaint states a claim on which relief may be based, and that the defense of qualified immunity for Gerstein is not established on the face of the amended complaint. Accordingly, we reverse and remand for further proceedings consistent with the above.
 
 
 14
 REVERSED and REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3