**Kurt KOHAMA, Plaintiff—Appellant,**

v.

**MCCABE, Hamilton & Renny Co., Ltd.; International Longshoremen's and Warehousemen's Union, Local 142; John Does 1–10, Defendants—Appellees.**

No. 05–16590.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2006.

Filed July 21, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**536**

Shawn A. Luiz, Esq., Law Offices, Honolulu, HI, for Plaintiff–Appellant.

Barry W. Marr, Esq., Marr Hipp Jones & Wang, LLP, Colleen H. Hanabusa, Esq., Honolulu, HI, for Defendants–Appellees.

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

### MEMORANDUM *

Kurt Kohama ("Kohama") appeals the district court's grant of summary judgment against his contract claims and Family and Medical Leave Act ("FMLA") claim, 29 U.S.C. § 2615(a)(1). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

■ McCabe is entitled to summary judgment on Kohama's claims for breach of express and implied contract.[1] Kohama alleges that McCabe violated sick leave provisions of the Collective Bargaining Agreement ("CBA") and that he was terminated without being given the "fair treatment" promised by the CBA. These claims are "substantially dependent" on an analysis of the CBA and therefore preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We review *de novo* the district court's grant of summary judgment. *Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1047 (9th Cir. 1995).

§ 185(a).[2] *Int'l Bhd. of Elec. Workers, AFL–CIO v. Hechler,* 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987). Section 301 preemption is appropriate where, as here, the employee's claim requires us to interpret the terms of the CBA.[3] *Firestone v. S. Cal. Gas Co.,* 219 F.3d 1063, 1065 (9th Cir.2000); *see Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action for 'violation of contracts between an employer and a labor organization.'" (citation omitted)).

Thus, Kohama's contract claims are properly characterized as § 301 claims. *See Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 998 (9th Cir.1987) (holding that federal law "supplants" a contract claim with a federal claim where the contract is only enforceable under the CBA). Kohama's § 301 claim fails because he cannot show that the Union breached its duty of fair representation. *See Shane v. Greyhound Lines, Inc.,* 868 F.2d 1057, 1060 (9th Cir.1989) (explaining that to proceed with a § 301 suit, an employee subject to a CBA must show that the Union breached its duty of fair representation). The district court found that Kohama had not met this burden in regard to his other § 301 claim, and Kohama did not appeal that ruling. Moreover, the parties agreed to dismiss the Union as a defendant. Thus,

McCabe is entitled to summary judgment on the contract claims.

■ McCabe also is entitled to summary judgment on the FMLA claim because Kohama has not met his burden of showing that either he or McCabe are covered by the Act. There is no evidence in the record that Kohama worked the requisite number of hours to be an eligible employee, *see* 29 U.S.C. § 2611(2)(A), or that McCabe has a sufficient number of employees to be covered by the FMLA, *see* 29 U.S.C. § 2611(4)(A)(i). Kohama cannot sustain a claim for interference with FMLA rights without evidence that he is entitled to receive such rights. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (explaining that summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Therefore, summary judgment in McCabe's favor was appropriate.

We AFFIRM.

---

**2.** We review *de novo* whether Kohama's contract claims are preempted by federal law. *Stallcop v. Kaiser Found. Hosps.,* 820 F.2d 1044, 1048 (9th Cir.1987).

McCabe did not waive the defense of preemption by failing to assert it in its Answer. We consider this defense because McCabe raised it on summary judgment and because there is no showing that Kohama was prejudiced by McCabe's failure to plead it earlier

than summary judgment. *See Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir.1993).

**3.** Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties...." 29 U.S.C. § 185(a).