NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY RAMSEY, | No. 19-15114 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00021 |
| v. | |
| ESTHER L. MUNA, Individually and in her Official Capacity as CEO of the Commonwealth Healthcare Corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted July 9, 2020**
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Gary Ramsey is a physician and surgeon specializing in obstetrics,

gynecology and women's health who was first licensed to practice medicine in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1991.[1]  In 2009, he applied for privileges to practice at the Commonwealth Health Center (the "Hospital"), where he had previously worked from 1999 to 2007.  The Hospital, which is operated by a public corporation, is the only hospital in the Commonwealth of the Northern Mariana Islands.

The Hospital did not approve Ramsey's 2009 privileges request until more than two years after he had applied, but he was eventually given the privileges, which were valid through January 1, 2014.  In October 2013, however, Ramsey was denied access to medical records and told that his privileges had expired.  At the time, he was not employed by the Hospital.  Although the Hospital did thereafter allow him to access the medical records he had sought, it did not reinstate his privileges.  Ramsey also applied for renewal of his privileges before their expiration date.  That application was delayed and eventually denied.

Ramsey sued the Commonwealth and several individuals associated with the Hospital or the Commonwealth government.  After a previous appeal in which we reversed and remanded on a question no longer at issue, Ramsey filed the operative First Amended Complaint ("FAC").  The FAC advances federal claims under 42 U.S.C. § 1983 for unlawful deprivation of property and liberty without due process of law as well as several Commonwealth-law claims.  The district court granted

---

[1] For purposes of this appeal, we assume the truth of the non-conclusory allegations of the operative First Amended Complaint.

Defendants' motion to dismiss the FAC with prejudice as to the federal claims and declined to exercise supplemental jurisdiction over the Commonwealth-law claims. Reviewing Ramsey's appeal de novo, we affirm.

**1.** Ramsey has not shown that he had a constitutionally protected property interest either in being extended privileges more promptly following his 2009 application or in renewal of the privileges he was ultimately given. "To have a property interest in a benefit, a person . . . must have more than a unilateral expectation of it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). To determine whether someone has "a legitimate claim of entitlement to" a benefit, *see id.*, we consider whether "an existing law, rule, or understanding makes the conferral of a benefit 'mandatory.'" *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014) (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760 (2005)). The district court held that the Hospital bylaws gave the Hospital open-ended and subjective discretion to decline both to grant privileges and to renew them, and that, as a result, Ramsey lacked a property interest in either the grant of privileges or their renewal. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 370 (9th Cir. 1990) ("If 'the decision to confer a benefit is unconstrained by particularized standards or criteria, no entitlement exists.'" (quoting *Fid. Fin. Corp. v. Fed. Home Loan Bank*, 792 F.2d 1432, 1436 (9th Cir. 1986))).

Ramsey has failed to show that the Hospital was required to grant or renew

3

privileges. To the extent any potential property interest depends on the terms of the Hospital's bylaws, Ramsey has failed to support this argument in his opening brief, which does not rely on any specific provision of those bylaws in its discussion section. Indeed, Ramsey failed even to include the relevant bylaws in his excerpts of record. Nor has he identified any other source of a property right in the granting or renewal of privileges. We "are not like pigs, hunting for truffles buried in briefs" and "cannot 'manufacture arguments for an appellant.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (first quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); then quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)). Based on the contentions actually presented in Ramsey's briefs, we have no basis to reverse the district court's resolution of these claims.[2]

**2.** The district court held that Ramsey had a property right in exercise of his privileges before their expiration but that this right was not clearly established at the time his privileges were revoked, so the only Defendant named in his associated claim has qualified immunity. Even assuming that Ramsey did have a property interest in unimpeded exercise of his privileges before their expiration,

---

[2] We need not opine on the district court's apparent conclusion that the Hospital bylaws are not "rules" or "regulations" under the Commonwealth Administrative Procedure Act. Ramsey's constitutional property claims about granting and renewal of privileges fail regardless of the bylaws' status as a matter of Commonwealth law.

Ramsey has not demonstrated that the district court erred in dismissing his claim based on qualified immunity. Ramsey "bears the burden of proving that 'the right allegedly violated was clearly established at the time of the alleged misconduct.'" *Martinez v. City of Clovis*, 943 F.3d 1260, 1275 (9th Cir. 2019) (quoting *Romero v. Kitsap Cty.*, 931 F.2d 624, 627 (9th Cir. 1991)). Ramsey asserts that "invasion of another's property interests without justification" is "obviously wrongful." But his opening brief's cursory discussion of qualified immunity fails to show that "existing precedent" placed the unconstitutionality of Defendants' conduct "beyond debate." *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).[3]

**3.** Ramsey asserts that he had a liberty interest in hospital privileges, but his opening brief does not include any meaningful support for that assertion. We therefore deem this issue forfeited. *See Indep. Towers of Wash.*, 350 F.3d at 929 ("A bare assertion of an issue does not preserve a claim." (quoting *D.A.R.E. Am. v. Rolling Stone Magazine*, 270 F.3d 793, 793 (9th Cir. 2001))).

---

[3] Ramsey argues that the district court should have declined to address qualified immunity because some Defendants failed to raise it in their responses to his initial Complaint, instead doing so for the first time when they moved to dismiss his First Amended Complaint. We disagree. We need not decide whether the district court had any discretion to refuse to entertain the defense, because Ramsey has failed to identify a persuasive reason why the district court should have exercised any such discretion in his favor. *Cf. Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) (explaining that although qualified immunity is an affirmative defense that should be raised in an initial response to a complaint, it "may be raised for the first time at summary judgment" unless there is "a showing of prejudice" to the plaintiff).

**AFFIRMED.**